UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                         Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                       07-CR-6128L

                 v.

MARSHAY J. PRESTON,

                                         Defendant.
_____

      This Court has referred all pretrial matters in this case to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b). After defendant Marshay Preston moved to suppress statements and physical evidence, Magistrate Judge Payson conducted a suppression hearing and, by Report and Recommendation dated January 29, 2009, found that there was no basis for suppression, and she recommended that Preston's motion be denied in its entirety. Dkt. #62, 2009 WL 223010.

      Defendant has filed objections to both the Report and Recommendation, and the Government has responded to defendant's objections. The matter is now before this Court for review.

# DISCUSSION

## I. Standard of Review

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C). The district court, however, may not reject the magistrate judge's credibility findings without conducting an evidentiary hearing at which the district court has the opportunity to observe and evaluate witness credibility in the first instance. *Cullen v. United States*, 194 F.3d 401 (2d Cir. 1999); *United States v. Carter*, No. 06-CR-6011, 2006 WL 2353562, at *1 (W.D.N.Y. Aug. 15, 2006), *aff'd*, 2009 WL 765004 (2d Cir. Mar. 25, 2009).

The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008). The clearly-erroneous standard also applies if a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). After reviewing the Report and Recommendation and the objections thereto, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. Warrantless Search and Seizure at 13 Borchard Street on August 6, 2006

Defendant first objects to Magistrate Judge Payson's recommendation that his motion to suppress evidence obtained in connection with police officers' warrantless entry into the premises

at 13 Borchard Street in Rochester on August 6, 2006 be denied. The facts surrounding the relevant events are fully described in Magistrate Judge Payson's Report and Recommendation, familiarity with which is assumed, and they will not be repeated at length here. In short, Rochester Police Officer Henry Favor was responding to a call of "shots fired" in the area around North Clinton Avenue and Avenue D. He began following a red Ford Explorer, with a cracked windshield, that had been speeding away from that area. When Officer Favor turned on his emergency lights and siren to pull the vehicle over, it instead sped up, until it stopped outside a residence at 13 Borchard Street. A man carrying a handgun got out from the driver's side, and another man got out of the passenger's side.

Both men fled. Officer Favor followed the driver, who ran onto the porch at 13 Borchard Street and proceeded through the front door into the house. Officer Favor followed. Inside, he saw a pistol lying on the floor.

Favor stayed in the vicinity of the handgun to safeguard it. Other officers soon arrived. Favor directed one of them, Mark Simmons, toward some interior doors that Favor had seen close just after he entered the house. Simmons went through those doors into a kitchen. There were stairs leading both up and down from the kitchen.

Simmons went upstairs to the second floor. He found a closed, locked door at the top of the stairs. As soon as a backup officer arrived about a minute later, Simmons forced the door open. Inside, he found Preston lying on a bed, wearing boxer shorts. Simmons noticed that Preston appeared sweaty and was breathing rapidly. Simmons took Preston into custody. Some minutes later, Favor identified him as the man he had seen running into the house carrying a gun.

In addition to the handgun, certain other physical evidence was seized, such as a shell casing that had been found on a windowsill in the kitchen, and various items of clothing that were found on the floor of the bedroom in which Preston was found. Favor identified the clothing as having been worn by the suspect that he had been chasing on foot.

Magistrate Judge Payson concluded in her Report and Recommendation that the officers' warrantless entry into the Borchard Street residence was justified by exigent circumstances. She further found that the officers were justified in entering the upstairs apartment where Preston was found, and in arresting Preston without a warrant. Based on those findings, the magistrate judge also concluded that the officers had a right to seize the shell casing and items of clothing, and that defendant lacked standing to challenge the seizure of the handgun.

Defendant objects to these findings and conclusions. He contends that when Officer Favor saw defendant carrying a gun when he was running toward the house, Favor could not have known whether defendant was committing a crime, since for all Favor knew, defendant may have had a pistol permit. Objections to Report and Recommendation (Dkt. #66) at 6. He also argues that once Favor had entered the house and secured the pistol that he found on the floor, the other officers could have surrounded the house and waited until a search warrant had been obtained before entering the upstairs apartment. Once Favor lost sight of Preston, defendant argues, the "hot pursuit" ended, and there was no need for the officers' immediate, forcible entry into the upstairs apartment.

I find these arguments unpersuasive. This case well illustrates the maxim that "courts 'should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing.'" *United States v. Gori*, 230

F.3d 44, 55 (2d Cir. 2000) (quoting *United States v. Sharpe*, 470 U.S. 675, 686 (1985)), *cert. denied*, 534 U.S. 824 (2001). The reality of the situation here is that an armed suspect was fleeing from the police. He ran into a house–passing between two children on the porch as he did so, Suppression Hearing Transcript ("Tr.") (Dkt. #54) at 34-35, and disappeared from view. The officers could not have known whether the suspect lived in, or had any connection with that house, or whether he had simply run into it in an effort to elude the police.

In addition, although a handgun was found on the floor, Favor did not and could not know whether it was the same gun that he had seen the suspect carrying. Even if it were the same gun, he did not know whether the suspect remained armed, nor could he or the other officers know whether anyone else was inside the house.

In light of all these circumstances, defendants' contention that the officers could have set up a perimeter around the house and waited for a warrant is simply divorced from reality. It was entirely reasonable for the officers to have acted as they did, for their own safety as well as that of the public. *See Parker v. Allen*, 565 F.3d 1258, 1290 (11th Cir. 2009) (exigent circumstances include "firm reasons to believe that the suspect is in the home" and "a reasonable belief that delay could jeopardize the safety of the law enforcement officers or the public"); *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 157, 168 (2d Cir. 2008) ("Familiar exceptions to the warrant requirement arise from exigent circumstances, such as the risk of imminent destruction of evidence or the 'hot pursuit' of a fleeing suspect"); *Estate of Bennett v. Wainwright*, 548 F.3d 155, 169 (1st Cir. 2008) ("The exigent circumstances exception attaches where police officers reasonably believe that there is a compelling need for immediate action that will not brook the delay of obtaining a

warrant," and such circumstances may include an "imminent threat to the life or safety of members of the public, the police officers, or a person located within the residence") (internal quotation marks omitted).

**III. Post-Arrest Statements**

Defendant also objects to Magistrate Judge Payson's recommendation that the Court deny his motion to suppress statements that Preston made to Special Agent Robert D. Kelley of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") following his arrest on April 25, 2007.[1] The Magistrate Judge found that Kelley had properly advised Preston of his *Miranda* rights, and that Preston had knowingly and voluntarily waived those rights and had not been subjected to any coercion when he made the statements.

In his objections to the Report and Recommendation, defendant offers few arguments why the Court should reject those findings, and I see no reason to do so. Defendant did not testify and there was no other evidence offered to contradict Agent Kelley's version of the events at issue.

Magistrate Judge Payson's findings are entirely consistent with the evidence adduced at the hearing, which showed that Preston was fully informed of his rights, and that he freely agreed to waive those rights prior to making the statements in question. In short, there is no basis for suppression of defendant's post-arrest statements.[2]

---

[1] Preston was arrested on both August 6, 2006 and April 25, 2007.

[2] Defendant also states that he "reasserts the arguments" that he made before the magistrate judge regarding certain other aspects of his motion to suppress, and that he "incorporates such arguments" in his objections to the Report and Recommendation. Dkt. #66 at
(continued...)

**CONCLUSION**

I accept and adopt the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #62). Defendant's motion to suppress physical evidence and statements (Dkt. #38) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 22, 2009.

---

²(...continued)
12. Findings and conclusions as to which a defendant makes only "conclusory or general objections, or simply reiterates his original arguments," are reviewed for clear error, *Barratt*, 2002 WL 335014, at *1, and I find no error in Magistrate Judge Payson's Report and Recommendation as to these matters.